IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                             Plaintiff,                        ORDER

                  v.                                    11-cr-105-wmc-1

GERALD HOPEWELL,

                             Defendant.

---

A hearing on the probation office's petition for judicial review of Gerald Hopewell's supervised release was held on September 30, 2020, before U.S. District Judge William M. Conley. The following parties appeared via Zoom video conference: Assistant U.S. Attorney Elizabeth Altman, defense counsel Erika Bierma, and U.S. Probation Officer John Pick. The defendant also appeared via Zoom videoconferencing from the Dane County Jail.

FACTS

From the record, I make the following findings of fact. Defendant was sentenced in the Western District of Wisconsin on August 7, 2012, following his conviction for felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 109 months (concurrent with state convictions), with a three-year term of supervised release to follow. The defendant was pre-released by the BOP to the Rock Valley Community Programs on April 3, 2019, and found work, but had trouble finding housing. As a result, when the defendant began his term of supervised release on July 19, 2019, the court allowed him to remain at the RVCP for an additional 90 days. Although the defendant completed substance abuse and cognitive behavior sessions at

RVCP, as well as avoided alcohol and drugs, he failed to appear for drug testing and his employment became spotty as well.

On June 16, 2020, the U.S. Probation Office submitted a petition for judicial review, which was supplemented on June 29, 2020. Specifically, the petition charged the defendant with violating his conditions of supervision by: (1) failing to appear for random drug tests; (2) leaving the judicial district without authorization; (3) associating with individuals engaged in criminal activity; (4) failing to notify the probation officer of police contact; and (5) committing a string of new criminal offenses between December 11, 2019, and June 27, 2020. Some of the new criminal charges are for felonious conduct and remain pending in Illinois and Wisconsin state courts, so the defendant has apparently chosen not to stipulate to those alleged violations and the U.S. Attorney's Office has chosen not to proceed with proving those crimes.

Accordingly, this court finds that while on supervision, defendant violated Special Condition No. 3, which requires him to submit to drug testing, when he failed to appear for random drug tests on January 17 and 24, February 7 and 19, and March 2, 2020. The defendant further violated the mandatory condition against committing another federal, state, or local crime when:

- On December 11, 2019, he engaged in retail theft in the city of Beloit, Wisconsin, resulting in the issuance of a municipal citation.

- On December 26, 2019, he again committed retail theft in the city of Beloit, resulting in the issuance of a municipal citation.

- On December 29, 2019, he committed retail theft in the city of Beloit, resulting in the issuance of a municipal citation.

- On January 25, 2020, he committed retail theft in the city of Beloit, resulting in the issuance of a municipal citation.

- On February 1, 2020, he committed retail theft in Janesville, Wisconsin, resulting in a default judgment on March 3, 2020, after the defendant failed to appear for a court hearing in Rock County, Wisconsin, Circuit Court.

- On February 22, 2020, he committed retail theft in Beloit, resulting in the issuance of a municipal citation.

- On February 23, 2020, he committed retail theft in Beloit, resulting in the issuance of a municipal citation.

- On May 5, 2020, he committed retail theft in Janesville, Wisconsin. A default judgment was ordered after he failed to appear for a hearing in Rock County Circuit Court.

Finally, defendant violated Standard Condition No. 11 by failing to notify his probation officer of any of these police contacts.

Because the defendant violated his conditions of supervised release by refusing to comply with drug testing, the court is required to revoke supervised release and impose a sentence that includes a term of imprisonment, pursuant to 18 U.S.C. § 3583(g)(3) and U.S.S.G. § 7B1.4, Application Note 5). The most serious alleged violation in this case is classified as a Grade C violation, pursuant to U.S.S.G. § 7B1.1(a)(3)(A). A Grade C violation coupled with Criminal History Category VI results in an advisory guideline range of imprisonment of 8 to 14 months, if the term of supervised release is revoked.

Pursuant to 18 U.S.C. § 3583(h), another term of supervised release is also authorized to follow imprisonment, and the statutory maximum term of supervised release that can be re-imposed is three years less the amount of custodial time imposed for this sentence.

CONCLUSIONS

Although the defendant's violations warrant revocation, his success at RVCP is reason to give him one last opportunity to turn his life around. Accordingly, the court will not proceed to revoke at this time, but rather hold this matter in abeyance pending his placement at RCVP when a bed becomes available and hopeful successful transition back into the community.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on August 7, 2012, is CONTINUED, and defendant is to remain in custody until a bed becomes available at RVCP, where he will remain for up to 90 days. Defendant does not have the financial means or earning capacity to pay the cost of this placement, although to the extent he finds employment, a portion of his earnings shall go towards the cost of placement. Consistent with the court's ruling, the Probation Office's petition will be stayed for 180 days, absent further violations of the terms and conditions of his supervised release.

Entered this 30th day of September, 2020.

BY THE COURT:

WILLIAM M. CONLEY
District Judge